■ MICHAEL F. ZINN, as Cotrustee and Beneficiary of the Zinn Family Charitable Trust, Appellant, v SALOMON, SMITH BARNEY, INC., Defendant, and LOUIS W. PIERRO et al., Respondents. [787 NYS2d 309]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 2, 2003, insofar as appealed from, dismissing the complaint as against defendants-respondents at the close of plaintiff's evidence, unanimously affirmed, without costs.

Plaintiff, a successful businessman, sought retirement advice and estate planning from defendant Salomon, Smith Barney, Inc. (SSB), which recommended that plaintiff retain defendant law firm to set up a charitable remainder trust. Defendant Louis W. Pierro, Esq. drafted the documents and also became a cotrustee of the subject trust, which invested its assets in variable annuities. After the trust's assets declined substantially, plaintiff commenced this action against both SSB and the law firm defendants. SSB moved to compel arbitration of plaintiff's causes of action against it, whereupon an arbitration was held that resulted in an award in SSB's favor. Plaintiff did not challenge the award, and proceeded to trial against the law firm defendants. After plaintiff presented his case, the trial court correctly ruled that he failed to show, prima facie, that defendants' negligence was the proximate cause of the trust's losses (*see Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d 193, 198 [2003]). Rather, the evidence showed that plaintiff had been actively involved in all of the trust's investment decisions; that he executed, upon the advice of independent counsel, a waiver of conflicts letter; and that his signed application for the variable annuities unambiguously set forth the proposed investment allocations and plaintiff's understanding that the annuity payments and other values provided by the contract were not guaranteed. Plaintiff's evidence also showed that he received, and presumably read, the prospectus and contracts for the subject annuities, as well as the confirmations and statements relating to the trust account, and participated in choosing the allocation of equity mutual funds. It is evident that plaintiff closely monitored the trust's investments, and, significantly, he continued to follow SSB's advice not to make changes in the investment allocations long after Pierro had been discharged as trustee. Nevertheless, plaintiff argues that Pierro should not have done what plaintiff himself did, namely, follow SSB's suggestion to stay the course, and should have instead transferred the trust's assets into fixed income investments. The law firm defendants cannot be held liable in mal-

practice for investment decisions that plaintiff himself made. Concur—Tom, J.P., Andrias, Marlow and Gonzalez, JJ.